STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,

v.

Ralph A. MYERS, Jr., Respondent.

S. C. B. D. No. 2075.

Supreme Court of Oklahoma.

Feb. 14, 1967.

Rehearing Denied March 14, 1967.

Robert S. Baker, Oklahoma City, for complainant.

Robert D. Looney, Oklahoma City, for respondent Ralph A. Myers, Jr.

PER CURIAM:

A complaint was duly filed by the Oklahoma Bar Association charging the respondent in two counts of violating the Canons of Professional Ethics and with unprofessional conduct.

The trial was conducted by the trial examiner in March of 1966. The respondent was present in person and by his attorney. Thereafter the trial examiner made his report and recommendations to the Executive Council of the Oklahoma Bar Association. The trial examiner recommended that Ralph

A. Myers, Jr., respondent herein, be disbarred from the practice of law in this State, and his name stricken from the roll of attorneys. The matter is now before this court for study and review.

We have reviewed the evidence and all proceedings and examined each charge and have entered herein the order which we deem fitting and proper.

The charges are as follows:

"COUNT I. That the Respondent, Ralph A. Myers, Jr., did on the 14th day of September, 1962, while acting in his capacity as Administrator of the estate of Florence M. Waller, Deceased, Case No. 4328 in the County Court of Canadian County, State of Oklahoma, present to one Ozella Tarver, Deputy Court Clerk of Canadian County, State of Oklahoma, for filing in the above numbered and entitled case, an instrument which the Respondent represented to the above named Deputy Court Clerk to be a copy of an Order signed by Virgil M. Shaw, Judge of the County Court in which said estate was pending. That said Order purported to empower the said Respondent in his capacity as an Administrator of the estate of Florence M. Waller, Deceased, to incumber certain property of the said estate by borrowing such sums as were necessary for the benefit of said estate. That in truth and in fact, the said Virgil M. Shaw, Judge of the County Court of Canadian County, had not been presented with an application for the purposes in said Order mentioned and had not placed his signature upon said Order as represented by Respondent to the Deputy Court Clerk. That by his actions as hereinabove set out, the Respondent did cause to be filed in the records of the Court Clerk of Canadian County a false and spurious instrument."

"COUNT II. That the said Ralph A. Myers, Jr., did, over a period of time, beginning on or about the 22nd day of December, 1959, and ending on or about

the 19th day of March, 1965, while acting in his capacity as an attorney at law and Administrator of the estate of Florence M. Waller, Deceased, Case No. 4328 in the County Court of Canadian County, State of Oklahoma, co-mingle the funds of the said estate with funds of his own and did fail to account properly for said funds of the estate of the said Florence M. Waller, Deceased, but did convert a part of the said funds to his own use and benefit."

The evidence on behalf of the complainant was by stipulation by and between the complainant and respondent with the agreement that the facts as stipulated were true and correct. The pertinent parts of the stipulation are as follows:

"I. Ralph A. Myers, Jr., was appointed administrator of the estate of Florence M. Waller, deceased, Case No. 4328 in the County Court of Canadian County, State of Oklahoma, on the 22nd day of December, 1959, and occupied that position at all times hereinafter referred to.

\*     \*     \*     \*     \*     \*

"III. While acting as administrator of the Waller estate and as attorney for the Waller estate, Ralph A. Myers, Jr. did cause monies of the Waller estate and his personal monies to be commingled in his personal checking account in the First National Bank of El Reno, Oklahoma. Specifically, checks payable to and belonging to the Waller estate were deposited to Ralph Myers, Jr.'s personal account.

"IV. No accounting was made in the Waller estate by Ralph Myers, Jr. until the 8th day of November, 1965.

"V. On the 14th day of September, 1962, Ralph Myers, Jr., acting as administrator of and attorney for the Waller estate presented to Ozella Tarver, Deputy Court Clerk of Canadian County, State of Oklahoma, a copy of an 'Order' purportedly signed by Virgil M. Shaw, Judge of the County Court of Canadian County,

State of Oklahoma. The 'Order' is attached hereto, marked 'Exhibit No. 1' and made a part hereof. At Ralph Myers, Jr.'s request, the Order, Exhibit 1, was certified by Ozella Tarver acting as the Deputy Court Clerk and returned to Ralph Myers, Jr.

"VI. Judge Shaw, if present to testify, would state that he did not sign the 'Order', Exhibit 1, and it was at no time presented to him for his approval or signature.

"VII. The files of the County Court Court Clerk of Canadian County do not show that the 'Order', Exhibit 1, was ever filed in the case. No other Order of the County Court of Canadian County was filed authorizing the encumbrancing of estate property hereinafter referred to.

"VIII. On the 14th day of September, 1962, Ralph A. Myers, Jr. presented the Order, Exhibit 1, and a Title Opinion marked 'Exhibit No. 2', attached hereto and made a part hereof, to M. S. Morris of the First National Bank of El Reno, Oklahoma, as authority to encumber and borrow on certain Waller estate real estate.

"IX. On the 14th day of September, 1962, based on the Order, Exhibit 1, and the Title Opinion, Exhibit 2, the First National Bank of Yukon (sic) El Reno, did cause $6,000 to be deposited in the account of 'Ralph Myers, administrator of the Florence Waller Estate'. Ralph Myers, Jr., signed a note for $6,000 marked 'Exhibit 3', attached hereto and made a part hereof, and a mortgage on certain Waller estate real estate, marked 'Exhibit 4', attached hereto and made a part hereof.

"X. On the 14th day of September, 1962, prior to the $6,000 deposit above referred to, the Waller estate bank account had a balance of less than $10.

"XI. On the 14th day of September, 1962, Ralph Myers, Jr. wrote the following checks on the Waller estate checking

account, which were cased on that same date:

"PAYEE | AMOUNT
---|---
"1. Ralph Myers, Jr. | $ 600.00
2. Mary Waller | 250.00
3. Garner Pettygrew | 2,054.00
4. First National Bank of El Reno Oklahoma, to pay the balance on Ralph Myers, Jr. personal note in the amount of $750. | 268.67

"XII. On the 12th day of March, 1965, Ralph Myers, Jr. applied to the County Court of Canadian County for a nunc pro tunc order, a copy of the application attached hereto and made a part hereof and marked 'Exhibit 5', to permit Ralph Myers, Jr. to encumber the estate in the amount of $6,000, the act having been previously accomplished by Ralph Myers, Jr. as hereinbefore set out. The application was denied by the Court."

The order above referred to as Exhibit 1, purportedly signed by the County Judge authorized the respondent to encumber certain real estate belonging to said estate. This real estate was then mortgaged to the First National Bank of El Reno, evidenced by a note and mortgage in the amount of $6,000 executed in favor of said bank by the respondent as Administrator of the estate of Florence M. Waller, deceased. This loan was consummated after the respondent had given the bank a letter advising that the title was good, and that respondent was the proper party to issue the note and mortgage.

In November, 1965, respondent had an audit made showing the analysis of source and application of funds handled by him as administrator from December 24, 1959, to March 19, 1965. This audit is a part of the record before us. It shows funds received and funds dispensed to be in excess of $100,000.00. A number of checks were issued to the respondent personally.

As to the items of disbursements, the respondent testified that Wayne Waller, the sole recipient of the estate, was a person who greatly annoyed him because of his constant demands for money; that Waller would come to respondent's house on numerous occasions at night while under the influence of liquor and request money from him; that on a great many of these occasions respondent would give Waller the money in cash and that he had given to Waller a total of seventeen or eighteen thousand dollars out of his own pocket; that Waller bothered him for money at home, at church and at other places at the most inopportune times.

The respondent further testified that at other times when he encumbered property of the estate he did not seek approval of the court, he stated "I just got permission of my clients."

The respondent further testified that he knew that it was improper to commingle the estate funds with his own funds but that "Waller was satisfied with that arrangement."

Evidence was offered in behalf of respondent to show that he was a good family man, that he had conducted other legal business in a business like manner, that he was a good citizen in every respect and that he was very active in the civic affairs of his community.

Other evidence was offered to the effect that he was nervous and that such nervousness was caused by the almost constant annoyance of Wayne Waller. However, relative to the question of nervousness, it was stated that he was not raising any question of incompetency.

■ From a careful study of the record we are of the opinion that the conduct of the respondent as attorney for the involved estate was in violation of the standards of professional ethics. We also find and hold that the acts of the respondent in commingling the estate's funds with his own was in violation of Canons of Professional Ethics, Canon No. 11, 5 O.S.A., Ch. 1, Appendix 3.

■ The gravity of respondent's offenses, and the submitted proof, justifies

the recommendation of the Executive Council of the Oklahoma Bar Association.

It is hereby ordered that respondent, Ralph A. Myers, Jr., be and he is hereby disbarred from the practice of law, his license to practice is hereby revoked and canceled, and his name stricken from the roll of attorneys.

JACKSON, C. J., IRWIN, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, HODGES, LAVENDER and McINERNEY, JJ., concur.