**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

**v.**

**Herman D. BRANDON, Respondent.**

**S.C.B.D. No. 2181.**

Supreme Court of Oklahoma.

Feb. 18, 1969.

Jeff R. Laird, Gen. Counsel, Oklahoma City, for complainant.

John W. Young, L. G. Hawkins, Sapulpa, for respondent.

DAVISON, Justice.

This is a disciplinary action by the State of Oklahoma ex rel. the Oklahoma Bar Association, hereinafter called complainant, against Herman D. Brandon, hereinafter called respondent.

The complaint contains eleven counts, all related to a scheme and artifice to defraud the telephone company by use of an electronic device (referred to in the testimony as the "black box") used to make long distance telephone calls in such a way to avoid being billed or paying for the calls. Count One alleges a conspiracy between respondent and others, during a period of from about February 15, 1965, to about January 16, 1966, to acquire and use the electronic device, and alleges 22 overt acts in furtherance of the conspiracy. Counts Two through Ten each alleged a specific fraudulent long distance telephone call made by respondent between April 21, 1965, and November 18, 1965. Count Eleven alleges respondent was convicted in the United States Court for the Western District of Oklahoma, on August 10, 1966, on ten different criminal offenses, being the same acts alleged in Counts One through Ten of the complaint referred to herein. The conviction was for violation of Title 18, United States Code, §§ 371 and 1343 (Conspiracy; and devising and executing scheme

to defraud by wire and radio in Interstate Commerce). It was adjudged by the U. S. District Judge who heard the case that imposition of sentence be reserved in each of the ten counts and defendant (respondent herein) placed on probation for a period of three (3) years from October 27, 1966. This judgment and sentence was appealed by respondent to the United States Court of Appeals and affirmed by that court on October 9, 1967, in the case of Brandon v. United States of America, 10 Cir., 382 F.2d 607. The conviction is final.

The complaint was heard before Kenneth J. Wilson, as Trial Authority, he having been appointed by this court to try said matter. The Trial Authority, after having heard the testimony of various witnesses and other evidence having been introduced, such as a transcript of the evidence taken at the trial of respondent in the Federal Court above referred to, made findings of fact, conclusions of law and his recommendations as to disciplinary action that should be taken against respondent.

Since the brief of the General Counsel of the Oklahoma Bar Association states that the disciplinary recommendation of the Trial Authority is lacking in disciplinary sufficiency and asks this court for full and complete disbarment, and since the respondent's brief states the recommendation is unreasonably severe, we believe it would be helpful to set out in detail the findings, conclusion, comments and recommendations of the Trial Authority, same being as follows:

"FINDINGS OF FACT"

"1. That Respondent, HERMAN DEAN BRANDON, is an attorney at law, duly licensed by the Supreme Court of the State of Oklahoma to practice law in the State of Oklahoma, presently and at all times since August 3, 1965, engaged in the practice of law at Oklahoma City, Oklahoma.

"2. That Respondent was convicted on August 10, 1966, of violating Title 18, United States Code, Sections 371 and 1343, in the U. S. District Court for the

Western District of Oklahoma; that the judgment therein was affirmed by the U. S. Circuit Court of Appeals for the 10th Circuit; and the final judgment and Order of Probation entered by the District Court on October 27, 1966, wherein Respondent was placed on probation for a period of three (3) years from said date.

"3. That the crimes of which Respondent was convicted are misdemeanors under the laws of Oklahoma, i. e.: 21 O.S.1961, Sec. 421, 21 O.S.Supp.1965, Sec. 1515, as held by the order of the Oklahoma Supreme Court dated January 9, 1968; and that said criminal action was a case of first impression in the Circuit Court of Appeals as set forth in its opinion affirming said conviction.

"4. That Respondent was aware of the fact that the electronic device used by himself and others to make long distance telephone calls would, on most occasions, by-pass the billing equipment of the telephone company, thus depriving it of its legitimate charges for such service.

"5. That Respondent was unable to determine, by his own efforts, whether the use of the device was a violation of state or federal law, but nevertheless failed to seek a legal opinion on the question from a licensed attorney.

"6. That the commission of the criminal acts of which Respondent was convicted occurred prior to and after Respondent's admission to the Oklahoma Bar on August 3, 1965, during which time he was approximately thirty (30) years of age.

"7. That except for said conviction, Respondent has a good reputation for honesty and integrity."

## "CONCLUSIONS OF LAW"

"1. That the proceedings herein are valid and in conformity with the Rules and By-Laws of the Oklahoma Bar Association, and are not barred by res judicata or double jeopardy.

"2. That the crime of which Respondent was convicted, being conspiracy and devising and executing a scheme to defraud by wire and radio in interstate commerce, are crimes involving moral turpitude and are grounds for disciplinary action against Respondent.

"3. That the disciplinary action to be taken herein is not to be imposed by way of punishment but is primarily for the protection of the public."

## "COMMENTS"

"The evidence leaves no doubt of the conviction of Respondent of the crimes of conspiracy and fraud. While such acts are loathsome and unworthy of any person and especially one admitted or about to be admitted to the Bar, there appears to be certain factors in mitigation thereof, to-wit:

"1. The Federal Court saw fit to place Respondent on probation for three (3) years rather than inflicting a prison sentence or assessing a fine.

"2. The offense of which Respondent was convicted is a misdemeanor rather than a felony under State law.

"3. The youth and legal inexperience of Respondent and the fact that there had not been a prior conviction under the Federal law for similar acts could account for Respondent's failure to recognize the seriousness of, or attach the illegal significance to, his acts.

"On the other hand, however, it appears equally as clear that Respondent believed the electronic device which he and others purchased and used over a period of several months would provide long distance telephone service without charge and that such use was wrong whether detected by the telephone company or not.

"In addition, it would further appear that Respondent exercised extremely poor judgment, both in his own behalf and in behalf of his business associates with whom he conspired, in failing to obtain competent legal advice with respect to the

illegality of the use of the electronic device.

"While the acts of Respondent complained of involve moral turpitude, and the character of Respondent is tainted with corruption, there are obviously varying degrees of moral turpitude and corruptness, else we would not have varying degrees of disciplinary action."

## "RECOMMENDATION"

"It is therefore the recommendation of the undersigned Trial Authority that HERMAN DEAN BRANDON be suspended from the practice of law in the State of Oklahoma until October 27, 1969, with the right to apply for reinstatement after such date, and that the costs of this proceeding be assessed against Respondent."

■■ We are not unmindful of the fact that this court is not bound by any recommendation made by the Trial Authority and that we should exercise our independent judgment as to whether there should be a disbarment or suspension. We also realize that it is our duty to review all disciplinary actions instituted by the Oklahoma Bar Association and to affirm, modify or reverse its findings and recommendation. In re Green, et al., 161 Okl. 1, 16 P.2d 582; State ex rel. Oklahoma Bar Ass'n v. Massad, Okl., 334 P.2d 787.

■ We have carefully examined the record and are of the opinion that the findings of fact, conclusions of law, comments and recommendation of the Trial Authority is just, reasonable and in line with good conscience and should be adopted.

■ We further find and hold that the record does not support the contention of the respondent that by the present complaint he was placed in double jeopardy.

■ Respondent further offers as a defense the proposition that the acts complained of do not constitute an offense under the rule (Article 9, Section 4, Bar Rules adopted September 14, 1966) applied at the trial, for the reason that the rule did not exist at the time the complained of acts were done.

Article 9, Section 4, adopted September 14, 1966, is as follows:

"Section 4. The commission by any member of the Association of any act contrary to honesty, justice or good morals, whether in the course of his professional capacity, or otherwise, shall be grounds for disciplinary action, whether or not the act is a felony or misdemeanor. Conviction in a criminal proceeding is not a condition precedent to the imposition of discipline."

The former Bar Rule, Article 7, Section 4, part 2, reads as follows:

"Section 4. The commission by a lawyer of any act contrary to honesty, justice or good morals, whether in the course of his relations as an attorney or otherwise, and whether or not the act is a felony or misdemeanor, conviction thereof in a criminal proceeding is not a condition precedent to discipline."

Respondent contends that by the use of the words in the new bar rule "whether in the course of his professional capacity, or otherwise" could never have been intended to apply to and reach back into the days when respondent was a law student, wherein nine of the ten counts occurred.

It will be noted that Count No. 11 alleges conviction of respondent on October 27, 1966, being some 43 days after the adoption of Article 9, Section 4, supra, and while it is true that most of the acts alleged in the various counts were committed while the respondent was a law student at least one of the acts occurred after respondent was admitted to the bar. This condition was no doubt considered by the Trial Authority in mitigation of discipline.

■ The last rule referred to herein created no substantive change and the change did not place the respondent at a disadvantage. In every count numbered from One through Ten the respondent was charged with the commission of a specific act "contrary to honesty, justice and good

828

morals." This court has consistently held that disbarment proceedings are inquiries for the protection of the courts, the public and the profession, and that strict rules of procedure should be relaxed to the end that an attorney's fitness to continue in the profession should be determined on the legal and ethical merits.

It is the order and judgment of this court that the respondent be, and he is hereby suspended from the practice of law in the State of Oklahoma until October 27, 1969, with the right to apply for reinstatement after such date, and that the costs of this proceeding be assessed against respondent.

IRWIN, C. J., BERRY, V. C. J., and BLACKBIRD, JACKSON, HODGES, LAVENDER and McINERNEY, JJ., concur.

WILLIAMS, J., concurs in part and dissents in part.