No. 47,742

STATE OF KANSAS, *Petitioner*, v. LAURENCE S. HOLMES, *Respondent*.

(545 P. 2d 343)

Opinion filed January 24, 1976.

*Philip A. Harley*, assistant attorney general, argued the cause, and *Curt T. Schneider*, attorney general, and *Michael C. Cavell*, assistant attorney general, were on the brief for the petitioner.

*T. L. O'Hara*, of Wichita, argued the cause and was on the brief for the respondent.

*Per Curiam:* This is an original proceeding in discipline, initiated upon the filing of two separate complaints against Laurence S. Holmes, a member of the bar of this state, practicing in Sedgwick County. The State Board of Law Examiners, adopting the report of a hearing panel of the Board, recommended that the respondent be disciplined by public censure. Respondent filed his exceptions to the report of the Board, and thus the matter comes before this court for review.

The complaints consisted of two letters from George W. Ince and one letter from Connie Harrod. We will summarize the report of the Board.

COMPLAINT OF GEORGE W. INCE:

Respondent accepted employment as an attorney for Ince in May, 1972. Ince was then in the United States Disciplinary Barracks at Fort Leavenworth, Kansas, having been convicted of desertion by court martial. The arrangements for the employment were made through Captain Gordon W. Hathaway, Jr., Ince's military attorney. Respondent was employed to bring a proceeding in habeas corpus in the United States District Court at Wichita. The application was prepared and was signed by Ince on May 25, 1972. Military appeals were still pending. The application was not filed until August 16, 1972. Six days later the United States District Court found that the application was not in conformity with court rules and ordered Ince to file a proper application. The appropriate forms were supplied by the clerk.

The United States Court of Military Appeals denied Ince's petition for review on September 25, 1972, thus terminating appellate review within the military. Respondent was advised of this action by letter from Captain Hathaway on September 29, 1972. Ince

was released from confinement and discharged from the service December 22, 1972.

Ince filed his complaint initiating this action on February 14, 1973. On the following day respondent forwarded the federal court forms to Ince for completion. The required forms were never completed and filed. The United States Attorney moved to dismiss on March 14, 1973, and later that month the court dismissed the action for failure to prosecute. The hearing panel and the State Board of Law Examiners concluded that respondent failed to properly represent his client and had violated the provisions of DR 6-101 (A) (2) and (3), which read as follows:

"DR 6-101 Failing to Act Competently.

(A) A lawyer shall not:

. . . . . . . . . . . . . .

(2) Handle a legal matter without preparation adequate in the circumstances.

(3) Neglect a legal matter entrusted to him."

COMPLAINT OF CONNIE HARROD:

Connie Harrod operated a bar in Wichita, Kansas. She had an altercation with a customer on October 22, 1970, during which time she struck him with a pool cue. Shortly thereafter she retained respondent to represent her in any criminal charges that might be filed against her. No charges were filed; however, on January 6, 1972, the customer commenced an action for damages against Harrod in the Court of Common Pleas of Sedgwick County. She again contacted respondent and requested that he represent her in that case. He agreed to do so and entered his appearance. On or about February 29, 1972, respondent received notice from opposing counsel that the damage case was set for hearing on March 2, 1972, at 9:30 a. m. Respondent had a conflicting setting in the district court. He failed to notify his client and neither appeared in the Court of Common Pleas nor requested a continuance. A default judgment was entered against Harrod in the amount of $798. Respondent learned of the default judgment within ten days but took no action. Harrod did not learn of the judgment until execution issued. After a hearing before the grievance committee of the Wichita Bar Association, respondent paid the judgment out of his personal funds. He then secured a letter from Connie Harrod, withdrawing her complaint. The hearing panel of the Board concluded that respondent failed to properly represent his client,

and that his conduct was in violation of DR 6-101 (A) (3). Public censure was recommended.

. . . . . . . . . . . . . . . .

Respondent excuses his failure to file the Ince application for almost three months after the inception of his employment because a substantial amount of copying was required and his copying machine was not functioning properly; because he believed as a matter of procedure that the application should be made only after the conclusion of the military appeals; and because respondent concluded that as a matter of trial tactics, the longer Ince was incarcerated, the greater was the chance of success in the federal civil action. We note that the original application was filed in August, prior to the completion of appellate review with the military on September 25, 1972.

After the court ruled that the original application was insufficient and that the forms prescribed by court rule must be filed, respondent failed to secure the necessary information to complete, and to file prescribed forms. Respondent contends that he did not have all of the needed information, and that Ince was in federal custody some two hundred miles from Wichita. Further, Ince had paid only $300 of his $500 fee. The record is clear that respondent made no attempt to secure the needed information until after Ince's complaint was filed.

Respondent contends he should not be disciplined for what amounts to be an error in judgment, made in good faith, in not pursuing the action for which he was employed. He seems to think that his strategy of inaction was a "large factor" in securing Ince's release from custody. However, respondent failed to advise Ince of his "strategy"; he made no attempt to complete the application; and he failed to maintain contact with Ince so as to be aware of his release. He seems to suggest that it was Ince's responsibility to maintain contact with him. His inaction, coupled with his failure to file the application in conformity with the court rules demonstrates a sufficient basis for the finding that respondent handled a legal matter without adequate preparation and that he neglected a legal matter entrusted to him.

Respondent offers no justification or excuse for his failure to appear at the Harrod trial or to secure a continuance of the matter, or to seek appropriate relief once he was aware that a default judgment had been entered. Connie Harrod failed to appear at the disciplinary hearing, and sought to withdraw her complaint after

respondent paid the judgment out of his own funds. The hearing panel properly concluded that it should proceed to hear the matter and it did so. This action was appropriate. Once a complaint is made about the professional conduct of a member of the bar, the Board or its hearing panel should investigate and determine the matter irrespective of the later desires of the former client.

Respondent argues that those making complaints did not appear before the Board and thus he was deprived of the right to "face his accusers", and he was required to prove himself not guilty. The Board had before it a substantial amount of documentary evidence. Respondent appeared and testified voluntarily, after being warned by the chairman that his testimony could be, and probably would be, used against him. He stated that he was appearing voluntarily and under no duress.

Disciplinary proceedings are not to be equated with prosecution for a crime. As we said in *State v. Turner,* 217 Kan. 574, 538 P. 2d 966:

". . . A proceeding in discipline is not an action within the purview of K. S. A. 60-104 providing that *trials* be conducted in open court. In the early case of *In re Burnette,* 73 Kan. 609, 85 Pac. 575, we said that the remedy of disbarment was not an action, either criminal or civil, but a special proceeding for the protection of the courts, the legal profession and the administration of justice. An attorney at law is an officer of the court and as such is a part of the judicial system of the state. (*State, ex rel., v. Perkins,* 138 Kan. 899, 903, 28 P. 2d 765.) Thus, a proceeding to discipline an attorney is not held to punish him but is conducted under the inherent power of the court to provide for the protection of the judicial system and the administration of justice. (*In re Gorsuch,* 113 Kan. 380, 384, 385, 214 Pac. 794.)

"In *State ex rel. Oklahoma Bar Association v. Brandon,* 450 P. 2d 824, 828, (Okl.) the Oklahoma court stated:

"'. . . This court has consistently held that disbarment proceedings are inquiries for the protection of the courts, the public and the profession, and that strict rules of procedure should be relaxed to the end that an attorney's fitness to continue in the profession should be determined on the legal and ethical merits.'" (p. 581.)

The recommendations of the Board are fully supported by the record. It is clear that respondent attempted to handle the Ince matter without adequate preparation, and that he neglected both the Ince and Harrod matters which were entrusted to him.

It is therefore by the court adjudged that Laurence S. Holmes be and he is hereby censured by the court. Costs of this proceeding are taxed to the respondent.