STATE of Oklahoma, ex rel., OKLAHO-
MA BAR ASSOCIATION,
Complainant,

v.

Bill G. LOWE, Respondent.

S.C.B.D. No. 2963.

Supreme Court of Oklahoma.

Feb. 16, 1982.

Rehearing Denied Feb. 16, 1982.

Doyle W. Argo, Gen. Counsel, Okl. Bar Ass'n, Oklahoma City, for complainant.

John C. Moran, Oklahoma City, for respondent.

BARNES, Vice Chief Justice:

### I.

This case arises under the provisions that regulate the Bar of this State. The initial Complaint against the Respondent, Bill G. Lowe, was originally approved by the Board of Governors of the Oklahoma Bar Association in November, 1975. An Amended Complaint was approved by the Board in July, 1976. On February 2, 1977, a Trial Authority was appointed to hear the allegations. A Second Amended Complaint was filed in June, 1977.

The Trial Authority filed his report on December 5, 1980. The report listed specific allegations of misconduct and recommended that disciplinary action be taken.

Respondent's defense is based on (1) procedural items, and (2) a denial of the particular counts of misconduct.

### II.

Lowe's initial claim is that the charges should be dismissed on the basis of improper jurisdiction and procedure because of the long delay in conducting the trial. This argument is founded on 5 O.S., Ch. 1, App. 1, Art. 10, § 5, which states that "... the date of the hearing shall not be less than twenty (20) nor more than thirty (30) days from the date of mailing the above notice... In no event shall the Trial Authority extend the time for trial exceeding sixty

(60) days beyond the thirty (30) day period without the approval of the Chief Justice. . . ." In this case, some counts had been filed for as long as three years before the hearing. This scenario presents us with two problems to resolve before an evaluation of the charges of misconduct can be made.

## A.

██ One possible interpretation of Respondent's argument can be that his right to a speedy trial had been violated. The Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 33 L.Ed.2d 101, 92 S.Ct. 2182 (1972), provided guidelines for assessing that claim. The Court chose four factors to be considered when determining if the right to a speedy trial had been violated. Those factors are (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his rights, and (4) the amount of prejudice to the defendant.

Despite the delay of five years and the lack of a real excuse for it, the Court affirmed *Wingo's* conviction because the defendant did not assert his rights and the prejudice to him was minimal. In the present case, the Respondent asserted his rights only after the date for a hearing was established in September, 1980. More importantly, there is no evidence or even any suggestion that the Respondent had been prejudiced by the delay.

We do not condone, by this decision, unjustified delays of this length. However, in the absence of any proof of even *minimal* prejudice, the public interest in the ethical practice of law outweighs any blind devotion to procedure.

## B.

██ Respondent also suggests that the Bar lacks jurisdiction to decide this matter because of the delay in holding the hearing. This argument necessarily assumes that the rule was designed as a statute of limitations.

There is clearly no reason to accept the required assumption of Respondent's argument in this case. The complaints and alleged violations in the situation before us are cumulative in nature. The eventual disposition of Bar matters is often dependent on more than one episode of misconduct. The public's interest in trustworthy legal representation is best protected by a consideration of an attorney's · activities over a span of time.

The above position should not be interpreted as a blanket prescription of accountability for all deeds, no matter how old. An attorney may present evidence of prejudice caused by long delays. In this case, Respondent offered no such argument.

## III.

We now move to a discussion of the specific allegations of misconduct.

## A.

The Trial Authority found that Respondent was guilty of commingling with his own funds the funds paid by Grace Peterson for satisfaction of estate taxes. The Trial Authority also found that Respondent neglected Ms. Peterson's legal interests by failing to promptly forward the necessary payment to the Oklahoma Tax Commission. This failure caused Ms. Peterson to be liable for additional moneys.

Respondent argues that the evidence presented shows that no commingling occurred because he ultimately paid the Tax Commission. We reject this argument because an examination of Respondent's bank records clearly reveals that all of Ms. Peterson's funds were used substantially before the time the obligation was paid. Evidence was presented that showed Respondent's personal expenses were paid out of this account. Respondent's conduct regarding the matters entrusted to him by Ms. Peterson clearly violates several of the provisions of the Code of Professional Responsibility. The failure to pay the taxes on time violates DR 6–101(A), which forbids the neglect of a client's interest. The Respondent also violated DR 9–102 by failing to preserve the identity of the funds deposited by the client.

## B.

The Trial Authority found that the Respondent, while employed by Darlene Holbrook to assist in the disposition of the estate of Mary Legate, failed to submit payment of the estate taxes to the Tax Commission on time and that the funds paid by Ms. Holbrook for the purpose of paying estate taxes were commingled with Respondent's own funds. Once again, Respondent relies on the position that the tax was ultimately paid, although late. As stated above, this argument is irrelevant to the issue at hand because the disciplinary rules concerned deal with the manner in which funds are handled and the attention that is given to the client's needs.

## C.

The Trial Authority found that while Respondent was employed by W. E. Boatwright to finalize the estate of Georgia Boatwright, funds were paid to Respondent to cover his attorney fees and the total taxes owed. Once again the taxes were not paid on time and the identity of the funds was not preserved. In addition, Respondent made false statements to Mr. Boatwright concerning the payment of these funds.

Respondent's conduct violated several provisions of the Code of Professional Responsibility. DR 1–102(A)(4) prohibits the lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation. In the immediate case, Respondent misrepresented the facts regarding the payment of the funds to the Tax Commission.

In addition, Respondent violated DR 9–102(A) and (B) by his commingling of his client's funds with his own.

## IV.

Our final task is to determine the appropriate action to take in this case.

In *State ex rel Oklahoma Bar Association v. Smith*, 615 P.2d 1014 (Okl.1980), the framework to view this question was provided when we said that:

"Bearing in mind that licensure to practice law is not for the benefit of the individual member of the profession, but rather for the benefit of the public, the primary consideration in determining whether a lawyer is to be disciplined, concerns the welfare of the public and the proper administration of justice."

The public has an interest in adequate legal representation. At the very core of this interest is the trust relationship that a client has with his attorney. In *State ex rel Oklahoma Bar Association v. Bishop*, 556 P.2d 1276 (Okl.1976), we said that:

"The attorney-client relationship is one of highest trust and confidence, requiring that an attorney's dealings with his client must be characterized by the utmost candor and fairness."

Respondent's pattern of behavior, as evidenced by the proof submitted, is totally at odds with the behavior that the public has the right to demand. The neglect of a client's needs, the misuse of a client's money, and the fabrications told to a client all strike at the heart of the necessary relationship between an attorney and those that employ him.

Accordingly, it is hereby ordered that the Respondent, Bill G. Lowe, be suspended from the practice of law for two (2) years from the date this opinion is promulgated.[1]

IRWIN, C. J., and LAVENDER, SIMMS, HARGRAVE and OPALA, JJ., concur.

## ORDER

IRWIN, Chief Justice.

Respondent's Petition for Rehearing is denied.

IRWIN, C. J., BARNES, V. C. J., and LAVENDER, SIMMS, HARGRAVE and OPALA, JJ., concur.

HODGES, J., dissents.

---

1. See Rules Oklahoma Bar Association, 5 O.S. Ch. 1, App. 1, Art. 10, § 16.