STATE of Oklahoma, ex rel., OKLA-
HOMA BAR ASSOCIATION,
Complainant,

v.

Kenneth E. BRADLEY, Respondent.

S.C.B.D. No. 3303.

Supreme Court of Oklahoma.

July 21, 1987.

Rehearing Granted in Part and Denied
in Part Nov. 25, 1987.

K. Lynn Anderson, Gen. Counsel, Oklahoma City, for complainant Oklahoma Bar Assn.

Kenneth E. Bradley, Tulsa, respondent pro se.

**PER CURIAM:**

A three count complaint was filed by the Oklahoma Bar Association against the respondent on October 31, 1985 alleging the following:

### COUNT I

In August of 1977 respondent was employed to prepare four trust agreements in which respondent was named trustee. Over the next four years a total of $60,000 was deposited in the four trusts. In 1978 and '79 respondent provided annual status reports as required under the agreement. Thereafter respondent wholly failed and refused to provide annual status reports.

### COUNT II

The respondent accepted employment in a personal injury suit. An agreed settlement of $5000.00 was reached. The check was jointly made out to respondent and his client. Respondent indicated that he would run the check through his trust account. He issued his client a check in the amount of $3,333.33 and the check was returned by the bank and stamped insufficient funds. Therefore Count II alleges conversion of the client's funds by the respondent.

### COUNT III

Respondent was hired to represent an individual in a worker's compensation action. There was a lump sum payment of $19,257.00. The draft was made out to respondent and to his client. Respondent indicated again that he needed to deposit the same in his trust account. Respondent was entitled to 20 percent of the amount of the claim check. Respondent paid $8,000.00 in cash to his client. Respondent then issued the client a check for $7,086.00 which was returned stamped "Insufficient Funds." When pressed for the remaining proceeds owed, respondent told the client that he had spent some $7,000.00 in a private real estate transaction and that the money had not been returned to the account. As a result criminal prosecution was commenced in Tulsa County and the respondent pled guilty to the crime of Embezzlement by Trustee, CRF–85–466, in connection with the same matter. Respondent received a deferred sentence and one year probation after he had made restitution to his client. Respondent has admitted the truth of the allegations in a response of the Oklahoma Bar Association. Count III also alleges conversion of a client's fund.

### HEARING

The matter came on for hearing on February 10, 1986 and also on May 12, 1986. The complainant presented its evidence and the respondent declined to offer evidence. The Trial Panel found with respect to Count I that the respondent had a fiduciary duty to account and that his refusal and failure to account was a willful breach of

that duty and that such willful breach of a fiduciary duty adversely reflects on his fitness to practice law. The Panel found that the respondent had violated DR 1-102(A)(6).

With respect to Count II, the Panel found that all the provisions relied upon in the complaint, DR 1-102(A)(1), (4) and (6), DR 7-101(A)(2) and (3) DR 9-102(A) and (B) and Rule 1.04 of the Rules Governing Disciplinary Proceedings have been violated and that there were grounds for professional discipline under each provision.

With respect to Count III the Panel found that respondent's conduct was in violation of all the subdivisions relied on by the complaint of DR 1-102, DR 1-101, DR 9-102 and Rule 1.04 of the Rules Governing Disciplinary Proceedings. Therefore, the recommendation of the Trial Panel was that the respondent be disbarred from the practice of law and his name be stricken from the roll of attorneys of the State of Oklahoma.

█ Respondent puts forward certain arguments in opposition to the findings and recommendation of the Trial Panel. His first proposition is that this court has lost jurisdiction of this matter. This argument is predicated on the fact that the hearing before the Trial Panel was concluded on May 12, 1986. The report of the Trial Panel was filed on July 31, 1986, approximately 80 days from the date the hearing concluded. Rule 6.13, Rules Governing Disciplinary Proceedings states:

"Report by Trial Panel. Within thirty (30) days after the conclusion of the hearing, the Trial Panel shall file with the Clerk of the Supreme Court a written report which shall contain the Trial Panel's findings of fact on all pertinent issues and conclusions of law (including a recommendation as to discipline, if such is found to be indicated, and a recommendation as to whether the cost of the investigation, record and proceeding should be imposed on the respondent), . . . ."

The 30 day period referred to above may be extended only by Chief Justice for good cause shown.

Respondent argues that because the Trial Panel report was filed approximately 80 days from the conclusion of the hearing and there appears to be no request or order for extension, this court has lost jurisdiction of this matter. Respondent cites no authority in support of his position.

Although there is not an Oklahoman case that directly addresses the issue of the failure to file within the 30 day period without an extension of time by the Chief Justice, the complainant Oklahoma Bar Association directs our attention to certain cases dealing with the issue of delay in disciplinary proceedings. In *State ex rel. OBA v. Bill G. Lowe*, 640 P.2d 1361 (Okl. 1982) this Court addressed the claim by Mr. Lowe that disciplinary proceedings should be dismissed against him on the basis of improper jurisdiction and procedure because of the long delay in conducting the trial. This court stated:

"We do not condone, by this decision, unjustified delays of this length. However, in the absence of any proof of even minimal prejudice, the public interest in the ethical practice of law outweighs any blind devotion to procedure." *Id.* at 1362.

In *State ex rel. OBA v. Brandon*, 450 P.2d 824 (Okl.1969) this Court stated:

"This Court has consistently held that disbarment proceedings are inquiries for the protection of the courts, the public and the profession, and that the strict rules of procedure should be relaxed to the end that the attorney's fitness to continue in a profession should be determined on the legal and ethical merits." *Id.* at P.2d 828.

With respect to the jurisdiction of this court in the discipline of lawyer, Rule 1.1, Rules Governing Disciplinary Proceedings states:

"Declaration of jurisdiction. This court declares that it possesses original and exclusive jurisdiction in all matters involving admission to persons to practice law in this state, *and to discipline for cause, any and all persons licensed to*

*practice law in Oklahoma....*" *(Emphasis added).*

Although the rules provide guidelines for conducting disciplinary proceedings, failure to follow these to the letter would not divest this Court of jurisdiction. We find therefore that although we disapprove of such delay, the delay in and of itself did not divest this court of jurisdiction of this matter.

■ The second proposition advanced by the respondent is that the issue of the accounting was not within the purview of the Oklahoma Bar Association or this court to discipline him. He maintains that the OBA and the Trial Panel had no authority to order him to provide them with a copy of the accountings in certain private trusts. Respondent had drafted four trust documents and became the trustee of the four trusts and as a result received $60,000.00. He indicates that because these were private trusts that this is none of the Bar's or this Court's business as to whether or not he provided an accounting. Rule 1.3 of the Rules Governing Disciplinary Proceedings dealing with discipline for acts contrary to prescribed standards of conduct states:

"The commission by any lawyer of any act contrary to prescribed standards of conduct, either in the course of his professional capacity, or *otherwise,* which act would reasonably be found to bring discredit on the legal profession shall be *grounds for disciplinary action....*" (Emphasis added).

Further Rule 1.4 states:

(b) Where money or other property has been entrusted to any attorney for a specific purpose, he must apply it for that purpose. He may not avail himself of counterclaims or setoffs for fees against any money or other property of his client coming into his hands for such a specific purpose. *And a refusal to account for and deliver over such money or property upon demand shall be deemed a conversion.* (Emphasis added).

(c) theft by conversion or otherwise of the funds of a client shall, if provided, result in disbarment.

There are numerous cases which stand for the proposition that misconduct by a member of the Bar in order to justify disciplinary action need not occur while the relationship of attorney and client exist. We find respondent as trustee was in a fiduciary relationship with the beneficiaries of the trust and his failure to account and to provide monies to them upon demand would place him in clear violation of Rule 1.4(b) and (c).

■ Respondent also complains of certain instances where his objections to the evidence were overruled. Particularly he points to the testimony which was introduced to the effect that respondent had been charged with embezzlement by trustee in the District Court in Tulsa County on June 31, 1985, CRF–85–466, *State v. Kenneth E. Bradley.* The respondent had entered a plea of nolo contendere on March 13, 1985 and at that time judgment and sentence was deferred for a period of one year. He states that because he was allowed to come off the deferred sentence and withdraw his plea and the case was dismissed, the charge was not admissible. The complainant points out that we recently allowed such evidence in *State ex rel. OBA v. Andrew E. Wood,* SCBD 3263. Plaintiff also cites *Emslie v. State Bar of California,* 11 Cal.3d 210, 113 Cal.Rptr. 175, 520 P.2d 991 (1974), wherein the Supreme Court of California indicated Mr. Emslie has been charged in Nevada with criminal charges in the nature of burglary and grand theft and those matters had been dismissed in Nevada. The Supreme Court of California held:

"Dismissal of the Nevada criminal charges did not preclude the State Bar of California from investigating or from basing its disciplinary proceedings upon the same acts charged in the criminal action. The State Bar is required to investigate any charge of serious misconduct against a member of the State Bar...." Id at 998.

We find no reason in a disciplinary action to not allow a deferred sentence to be admitted as evidence that certain acts or

commission were committed by the respondent, particularly as they relate to acts alleged in the complainant filed by the Bar Association. Respondent is charged with more than one act of misconduct with respect to the handling of funds of a client wherein he was in a trustee capacity. We find his plea to embezzlement by trustee is relevant, material, and admissible in his disciplinary proceeding.

 Although not specifically raised by the respondent, we note that the plea entered to the felony charge was nolo contendere. Is such a plea admissible in a disciplinary proceeding? The statute providing for such plea (22 O.S.1981 § 513) provides as follows:

Third, Nolo contendere, subject to the approval of the court. The legal effect of such plea shall be the same as that of a plea of guilty, but the plea may not be used against the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based.

However, this Court has taken the position that a proceeding in a disciplinary matter is not a "civil suit". In *In Matter of Evinger,* 604 P.2d 844, 845 (Okl.1979) we held

"Proceeding in disciplinary matters relating to admission to the Bar are not strictly speaking of civil or criminal. They partake of the elements of both. We have at least trice, indicated that disbarment or disciplinary proceedings are civil, not criminal in nature." (cite omitted) We think these cases are ill-advised in this particular conclusion and would adopt the classification that Bar proceedings including admission, disbarment or other types of disciplinary action are special in nature and sui generis." (cites omitted).

 We have held that membership in the Bar is a privilege burdened with conditions. A fair private and professional character is one of them. Compliance with that condition is essential at the moment of admission and it is equally essential afterwards. *State ex rel. Oklahoma Bar Association v. Trower,* 381 P.2d 142, 144 (Okl.

1963) and *In re: Bond,* 168 Okl. 161, 31 P.2d 921 (1934). The ultimate purpose in disciplining attorneys is not punishment but purification of the Bar and protection of courts and public in general. *Trower,* supra, *State v. Booth,* 441 P.2d 405, 408 (Okl.1966). Therefore, the fact that the plea entered was nolo contendere, and not admissible in a civil action would not preclude it from being admitted as evidence in a proceeding in a disciplinary matter against a member of the bar.

The respondent further argues that the evidence just does not support the conclusions of the Trial Panel. Upon an independent review of the evidence, we find the conclusion of the Trial Panel are supported by clear and convincing evidence.

## FINDINGS

This Court has conducted an independent review of the evidence submitted to the Trial Tribunal. We have considered the arguments briefed and presented by the complainant and respondent. We find clear and convincing evidence to establish the following:

This Court possesses original and exclusive jurisdiction in this matter.

Count I. Respondent violated DR 1-102(A)(6) by his willful breach of his fiduciary duty as trustee of the four trusts.

Count II. Respondent is guilty of conversion of his client's funds all in violation of DR 1-102(A)(1), (4) and (6); DR 7-101(A)(2) and (3); DR 9-102(A) and (B) and; Rule 1.04 of the Rules Governing Disciplinary Proceedings.

Count III. Respondent is guilty of conversion of his client's funds all in violation of DR 1-102; DR 1-101; DR 9-102 and Rule 1.04 of the Rules Governing Disciplinary Proceedings.

## DISCIPLINE

 We find the gravity of the offenses proven in the present case to be of a similar nature to those presented in *State ex rel. Oklahoma Bar Association v. Bishop,* 556 P.2d 1276 (Okl.1976) and *State ex rel.*

*Oklahoma Bar Association v. Myers,* 424 P.2d 975 (Okl.1967) wherein this court imposed the discipline of disbarment for the conversion of clients' funds by the respondent attorneys. In *Bishop* the respondent attorney was found to have been guilty of forging the name of his client to a settlement check in connection with a nonprobate matter and depositing the proceeds to his personal account. Additionally, the respondent was also found to have commingled estate funds in a separate probate matter and to have converted those funds to his own use and benefit. In *Myers* the respondent attorney was disbarred after a finding that he had commingled estate funds and had encumbered estate property on the basis of a falsified order from the probate court and had used funds from the note secured by the estate property partially for his own purposes. In *Myers* the respondent presented the argument that the heir of the estate was satisfied with the "arrangements." As in *Bishop* and *Myers,* we find disbarment to be the proper discipline in this case.

We order that Kenneth E. Bradley be disbarred and his name stricken from the roll of attorneys. The costs of the proceeding in discipline in the amount of $1811.09 shall be borne by Bradley. They are to be paid within thirty days after this opinion becomes final.

DOOLIN, C.J., HARGRAVE, V.C.J., and HODGES, KAUGER and SUMMERS, JJ., concur.

OPALA, J., concurring in part, dissenting in part, with whom LAVENDER, J., joins. I would hold that both a *nolo contendere* plea as well as an expunged order deferring judgment-and-sentence are inadmissible in bar disciplinary proceedings.

ALMA WILSON, J., concurs in part, dissents in part.

SIMMS, J., disqualified.

### CORRECTION ORDER

Petition for Rehearing is granted for the limited purpose to correctly show the vote of Justice Summers as concurring. In all other respects the Petition for Rehearing is denied.

DOOLIN, C.J., HARGRAVE, V.C.J., and HODGES, WILSON, KAUGER and SUMMERS, JJ., concur.

LAVENDER and OPALA, JJ., dissent.

SIMMS, J., disqualified.