STATE of Oklahoma, ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,

v.

James Michael FLANERY, Respondent.

SCBD NO. 3844.

Supreme Court of Oklahoma.

July 6, 1993.

---

Michael W. Speegle, Asst. Gen. Counsel, Oklahoma Bar Ass'n, Oklahoma City, for complainant.

David A. Kaserman, McClelland, Collins, Bailey, Bailey & Bellingham, Oklahoma City, for respondent.

LAVENDER, Vice Chief Justice.

Disciplinary proceedings were initiated against respondent, James Michael Flanery, by Complainant, the Oklahoma Bar Association, which in substance charged respondent with embezzling $71,000.00 over a three year period from relatives while working for them. By a 2–1 vote a Professional Responsibility Tribunal (PRT) found respondent guilty of misconduct and recommends disbarment. The third member of the PRT also found misconduct, but recommends a two year and one day suspension for the reason the misconduct occurred prior to respondent's licensure as an attorney. We, likewise, find misconduct that warrants discipline. We disbar respondent.

## STANDARD OF DETERMINATION IN BAR DISCIPLINARY PROCEEDINGS

In *State ex rel. Oklahoma Bar Association v. Miskovsky*, 824 P.2d 1090 (Okla. 1991), we set out the standard of review in attorney disciplinary proceedings. We said:

> In disciplinary matters we are a licensing court acting in the exercise of our exclusive jurisdiction. *State ex rel. Oklahoma Bar Association v. McMillian*, 770 P.2d 892, 894 (Okla.1989). Our determinations are made *de novo* and neither findings of fact of the PRT nor its view of the weight of the evidence or credibility of witnesses are binding on us. *Id.* Further, no presumption of correctness attaches to the findings or conclusions of the PRT. *Id; State ex rel. Oklahoma Bar Association v. Braswell*, 663 P.2d 1228, 1230 (Okla.1983). Although a PRT's recommendations are accorded great weight they are merely advisory. The ultimate decision-making authority rests with us. *McMillian, supra; State ex rel. Oklahoma Bar Association v. Samara*, 683 P.2d 979, 984 (Okla. 1984). Finally, to warrant a finding against a lawyer in a contested case the charges must be established by clear and convincing evidence. Rule 6.12, Rules

Governing Disciplinary Proceedings, 5 O.S. 1981, Ch. 1, App. 1–A.

*Miskovsky*, 824 P.2d at 1093.

With these principles in mind we turn to a discussion of the misconduct charged.

## FACTS OF MISCONDUCT

Respondent entered into a stipulation that he embezzled about $71,000.00 (240 checks) during a three year period from two of his aunts while he was employed by them as a manager/bookkeeper, accounting for, and making investment decisions, regarding various oil and gas working interests. He converted the money to his own use and benefit without permission from his aunts. In order to accomplish the embezzlement respondent opened a bank account in the fictitious business name of Triangle Investments. He then deposited the embezzled funds in this account. All of the embezzlements took place before respondent was admitted to the Oklahoma Bar Association as a practicing attorney. During the last year of his employment and embezzlement respondent was a legal intern under the Rules of the Supreme Court of the State of Oklahoma on Legal Internship. During the first two years of the embezzlements he was a law student. The embezzlements took place from approximately 1986 to August 1989. Respondent was admitted to the Bar in September 1989.

We agree with the PRT this conduct is a violation of the Oklahoma Rules of Professional Conduct, 5 O.S.Supp.1988, Ch. 1, App. 3–A, Rules 8.4(b) and (c), which provide respectively, it is misconduct for a lawyer to, "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer ..." and "engage in conduct involving dishonesty, fraud, deceit or misrepresentation...." We note for the time period prior to July 1, 1988 (the effective date of the current Rules of Professional Conduct) the embezzlements of respondent violated the then effective Code of Professional Responsibility. *See* 5 O.S.1981, Ch. 1, App. 3, DR 1–102(A)(3) and (4). These former disciplinary rules provide a lawyer shall not engage in illegal conduct involving moral turpitude and conduct involving dishonesty, fraud, deceit or misrepresentation.

## WE HAVE JURISDICTION TO DISCIPLINE RESPONDENT

Respondent initially argues we do not have jurisdiction to discipline him because all the acts occurred prior to his licensure as an attorney. Both parties treat the question of our jurisdiction as if it is a question of first impression. We believe it is not.

■ In *State ex rel. Oklahoma Bar Association v. Brandon*, 450 P.2d 824 (Okla. 1969), a similar argument was made where an attorney was disciplined for misconduct, the majority of the conduct occurring before he was licensed as an attorney. *Brandon* involved a situation where the respondent lawyer had made long distance telephone calls without paying for them. Most of the acts occurred while he was a law student, but at least one occurred after he was licensed. He was also convicted of certain crimes in federal court associated with the telephone calls after he was licensed. Although not all of the alleged acts of misconduct occurred prior to licensure in *Brandon*, we made it quite clear our then current rules on discipline gave us jurisdiction to discipline an attorney for acts committed prior to his admittance to the Bar. *Id.* at 827–828. The respondent in *Brandon* argued that language in our Bar rules concerning what acts would subject a lawyer to discipline could never have been intended to reach back into the days when he was a law student. The language from Article 9, Section 4, Bar Rules adopted September 14, 1966, was as follows, "any act contrary to honesty, justice or good morals, **whether in the course of his professional capacity, or otherwise**". (emphasis added) *Brandon* at 827. We held some slight change in the language from a prior rule created no substantive change in the rule and we implicitly held both the prior and former rules gave us jurisdiction to discipline an attorney for conduct occurring prior to his admittance if

it showed his present unfitness to practice law. *Id.* at 827–828.

The present Rule corresponding to Article 9, Section 4 is Rule 1.3 of the Rules Governing Disciplinary Proceedings, 5 O.S. 1991, Ch. 1, App. 1–A, which provides:

> The commission by any lawyer of any act contrary to prescribed standards of conduct, **whether in the course of his professional capacity, or otherwise**, which act would reasonably be found to bring discredit upon the legal profession, shall be grounds for disciplinary action, whether or not the act is a felony or misdemeanor, or a crime at all. Conviction in a criminal proceeding is not a condition precedent to the imposition of discipline.

(emphasis added)

We believe current Rule 1.3, just as the prior rules involved in *Brandon*, is sufficiently broad to give us jurisdiction to discipline this respondent for conduct occurring prior to his licensure as an attorney. We also note had respondent been criminally convicted of these embezzlements our rules would surely have allowed for discipline. *See* 5 O.S.1991, Ch. 1, App. 1–A, Rules 7.1–7.7, as amended (summary disciplinary proceedings for criminal conviction of a lawyer). We believe it would be absurd to rule we have jurisdiction if a lawyer is convicted **after** licensure for a crime committed **before** licensure which shows unfitness, but we have no jurisdiction for admitted embezzlement occurring up until a month or two **before** licensure where for some reason no prosecution is ever instituted.

### DISCIPLINE

█ We said in *Miskovsky, supra,* the following concerning discipline in attorney misconduct cases:

> The purpose of a disciplinary proceeding is not to punish the lawyer, but to inquire into his continued fitness to practice with a view to safeguarding the interest of the public, the courts and the legal profession. *State ex rel. Okla-*

*homa Bar Association v. Raskin,* 642 P.2d 262, 267 (Okla.1982).

*Miskovsky,* 824 P.2d at 1101.

We have also recognized that mitigating evidence or circumstances may be considered in arriving at what is the appropriate discipline. *State ex rel. Oklahoma Bar Association v. Raskin,* 642 P.2d 262, 267 (Okla.1982). We turn to the mitigating evidence in the record before us.

Respondent is 45 years old. He has been married for 24 years and has three children, the oldest of which is in college. He was described at the hearing before the PRT as a family man.

Prior to his admittance to the Bar in 1989, he previously worked in the stock brokerage business, as a home builder, a real estate broker and in the oil and gas business.

As a lawyer the evidence showed his record has been excellent, with a reputation for a high degree of honesty, trustworthiness, professionalism and integrity. More than 10 attorneys testified on his behalf either in person or by affidavit. All were of the opinion respondent was a fine attorney, exhibiting the above characteristics.

A licensed psychologist also testified on behalf of respondent. This psychologist has considerable experience not only in private practice, but as the Director of Psychology for the Department of Public Safety, where he does preemployment screenings for dishonesty, untruthfulness, and lack of morals. He had met with respondent at least 9 times prior to the PRT hearing. He testified respondent had no personality or neurological disorders and that respondent was an honest individual. He also testified respondent was remorseful concerning the embezzlements. He further testified it was his opinion the embezzlements were an aberration, even though occurring over a three year period. His view was respondent found himself in a money shortfall while in law school and dealt with this financial situation by the embezzlement. His opinion was respondent would not again engage in such conduct.

Mitigation evidence also showed since licensure respondent has been an active pro-bono member and has contributed substantial time and talent as an officer and director of the Edmond Association of Retarded Citizens. He has had access to substantial sums of money in this latter capacity as well as in his law practice, which has all been accounted for and handled properly. One of respondent's witnesses, an attorney and CPA, volunteered to assist respondent during any probationary period by monitoring his financial status and/or trust accounts, should his discipline result in probation.

When respondent was confronted with the embezzlement he admitted his guilt and cooperated in accounting for the money he had stolen. After he was not able to make regular payments to his relatives to pay them back he executed promissory notes, with interest. Prior to execution of the notes respondent had repaid almost $3,000.00. Since execution of the notes respondent has paid back another approximate $8,600.00. He had, however, made no payments since October 1991 at the time of the PRT hearing.

Respondent also relinquished his interest in one of his aunt's family irrevocable trust, in which he had a vested interest of $58,000.00. This does not constitute a credit toward the money he embezzled because the money will not go back to the aunt, but it will benefit other beneficiaries of the trust. Respondent also agreed to assign to his aunts his interest in his mother's estate, valued at about $25,000.00–$32,000.00, for a credit to the amount he embezzled. Finally, respondent entered into an agreed judgment for the money he embezzled in a case filed in the District Court of Oklahoma County.

Even considering this mitigating evidence we believe the appropriate discipline for respondent's misconduct is disbarment. Respondent stole from his relatives who had placed him in a position of trust over their financial affairs. He financially harmed them and although he has made an effort to pay them back he has not done so fully. Although he was not in a lawyer-client relationship with his relatives, he was in a relationship of trust which he betrayed over an extended period of time. If the situation had involved a lawyer-client relationship the discipline here would surely be disbarment. *State v. Raskin, supra,* 642 P.2d at 268; *State ex rel. Oklahoma Bar Association v. Bishop,* 556 P.2d 1276 (Okla.1976). Although mitigating evidence may persuade us in cases involving lesser forms of misconduct, we believe the embezzlements involved here go to the heart of respondent's fitness to practice law. No less severe punishment is warranted on this record.

Accordingly, we order that respondent be **disbarred and his name stricken from the roll of attorneys.** Further, the costs associated with this disciplinary proceeding in the amount of $778.82 shall be borne by respondent. They are to be paid within 90 days from the date this opinion becomes final.

HODGES, C.J., and SIMMS, HARGRAVE, KAUGER and WATT, JJ., concur.

ALMA WILSON, J., concurs in part; dissents in part.

SUMMERS, J., dissents.