KEITH S.K. CHING, Petitioner, *v.* THE STATE BAR OF NEVADA AND NORTHERN NEVADA DISCIPLINARY BOARD, Respondents.

No. 25557

May 25, 1995                                                895 P.2d 646

*Lionel Sawyer & Collins and Richard W. Horton,* Reno, for Petitioner.

C. A. Olendorff, Bar Counsel, *Rob W. Bare,* Assistant Bar Counsel, *Laurence Digesti,* Chairman, Northern Nevada Disciplinary Board, Reno, for Respondents.

## OPINION

*Per Curiam:*

Petitioner Keith Ching is an attorney licensed to practice law in the State of Nevada. In February 1990, the California Board of

Equalization reported Ching to the State Bar of California by filing a grievance. The grievance was based upon a series of transactions involving a corporation which Ching had fraudulently created to assist his clients in avoiding taxes which were due to the State of California. On August 8, 1991, Ching submitted to the California Bar a petition of resignation with charges pending.[1] On February 14, 1992, the California Supreme Court accepted Ching's resignation from practice with charges pending. In May 1992, Ching's resignation was reported in a California State Bar Report. According to the State Bar of Nevada (Nevada Bar), this was the first time it heard of the disciplinary proceedings against Ching in California.

On June 16, 1992, the Nevada Bar filed a request with the Nevada Supreme Court for reciprocal discipline pursuant to SCR 114. Concluding that "no disciplinary sanction predicated upon a finding of misconduct has been imposed in California against attorney Ching . . . which can be reciprocally imposed in Nevada under SCR 114," this court dismissed the Nevada Bar's request without prejudice to bar counsel's right to investigate the underlying facts.

On December 2, 1993, the Nevada Bar filed a complaint against Ching for his fraudulent actions in California. The complaint charged Ching with three counts of misconduct: (1) violation of SCR 203(3) (for engaging in conduct involving dishonesty, fraud, deceit or misrepresentation) and SCR 203(4) (for engaging in conduct prejudicial to the administration of justice); (2) violation of SCR 172(1) (for knowingly making a false statement to a tribunal; and (3) violation of SCR 114(1) (for failing to inform bar counsel when subjected to discipline elsewhere).

Ching filed a motion to dismiss, arguing that the complaint was barred by the applicable statute of limitation. The Northern Nevada Disciplinary Board subsequently denied Ching's motion. Ching then filed the instant petition for a writ of prohibition directing the Nevada Bar and the Northern Nevada Disciplinary Board to refrain from any further proceedings against Ching. Ching argues that any proceedings are barred by the statute of limitation, and that the charge of violation of SCR 114(1) is precluded by res judicata, inasmuch as this court previously dismissed charges under that rule. We hold that Ching's arguments are without merit and deny his petition.

---

[1]California Rules of Court, Rule 960(a) provides, in pertinent part: "A member of the State Bar against whom disciplinary charges are pending may tender a written resignation from membership in the State Bar and relinquishment of the right to practice law."

## STATUTE OF LIMITATION

SCR 106 provides, in pertinent part:

> Formal disciplinary proceedings shall not be commenced against an attorney for alleged misconduct occurring more than 4 years prior to the filing of the complaint by bar counsel. *In the event of fraud or concealment, the 4-year period begins on the date the fraud or concealment was discovered by the complainant,* or on the date facts were known to him which should have lead him to discover the alleged misconduct.

(Emphasis added.)

Ching argues that the Nevada Bar cannot be the complainant under SCR 106. According to Ching, the complainant is the person or entity actually harmed by an attorney's misconduct. Ching argues that in the instant case, the complainant is the California Board of Equalization and that the Board learned of his misconduct as early as August 8, 1985, when it began investigating the fraudulent transactions. Ching therefore concludes that any disciplinary action against him in Nevada was barred by SCR 106 after August 8, 1989.

Although Ching acknowledges that SCR 104 allows the Nevada Bar to file complaints sua sponte when it learns of attorney misconduct on its own,[2] he argues that this does not make the Nevada Bar a "complainant" under SCR 106. According to Ching, if the Nevada Bar were a complainant under SCR 106, the limitation period's commencement would turn on whether the defrauded entity complained to the Nevada Bar directly or whether the Nevada Bar learned of the fraud indirectly. Ching points out that if this reasoning is adopted, the Nevada Bar could learn of attorney misconduct 100 years after the fact and disciplinary proceedings would not be time-barred.

Although Ching's argument is legally sound, policy considerations dictate that his argument must fail. The Nevada Bar must be allowed to pursue fraudulent misconduct when it learns of the wrongdoing, since fraud, by definition, is concealed.[3] Otherwise, attorneys could escape disciplinary proceedings whenever the

---

[2]SCR 104 provides: "1. State bar counsel shall: (a) Investigate all matters involving possible attorney misconduct or incapacity called to his attention, *whether by complaint or otherwise.*" (Emphasis added.)

[3]Fraud is defined as "[a] false representation of a matter of fact . . . by concealment of that which should have been disclosed." *Black's Law Dictionary* 594 (5th ed. 1979).

Nevada Bar is not timely informed of the fraudulent misconduct. As to Ching's concerns about the passage of 100 years before the commencement of disciplinary proceedings, if sufficient time has elapsed, the equitable doctrine of laches might apply to preclude disciplinary proceedings.

Ching also argues that although the Supreme Court Rules do not define "complainant," the Nevada Bar and the complainant must be separate entities. Ching relies on SCR 103(10) and SCR 105(2). SCR 103(10) provided that "a meeting may take place between the *complainant,* the attorney and three disciplinary board members to resolve the matter informally."[4] (Emphasis added.) SCR 105(2) provides that "formal disciplinary proceedings are commenced by bar counsel filing a written complaint in the name of the state bar with the appropriate disciplinary board." According to Ching, under SCR 105(2), the Nevada Bar may only become a complainant after it files a formal written complaint against an attorney. Thus, Ching argues that since the SCR 103 meeting takes place before the Nevada Bar has filed a complaint against the attorney, the Nevada Bar cannot be the complainant referred to in SCR 103. However, we hold that SCR 103 applies when some entity other than the Nevada Bar is the complainant. Although SCR 103 envisions a complainant other than, or in addition to, the Nevada Bar, it does not preclude the Nevada Bar from being the complainant.

Ching further argues that SCR 107 and the comments to SCR 106 illustrate that the complainant is the individual or entity harmed by the attorney's alleged misconduct. In support of this argument, Ching points to SCR 107 which mentions "settlement or compromise between the complainant and the attorney," and "restitution by the attorney." Ching also cites the comments to SCR 106, which set out two hypothetical situations involving rightful heirs to a fraudulently amended will and a client who is swindled in a real estate transaction.

If Ching violated the duties imposed upon him as an attorney and counselor at law under the Nevada Supreme Court Rules, the Nevada Bar suffered harm. We hold that the Nevada Bar would thus qualify as a complainant because it would be a harmed entity. One of the purposes of the Nevada Bar is to ensure the

---

[4]SCR 103(10) was amended effective January 1994.

integrity of the legal profession,[5] and any member who acts to compromise that integrity has harmed the Nevada Bar and the profession as a whole. Ching would have this court sacrifice professional responsibility and ethical obligation in the name of procedure; however, "the public interest in the ethical practice of law outweighs any blind devotion to procedure." State ex rel. Oklahoma Bar Ass'n v. Lowe, 640 P.2d 1361, 1362 (Okl. 1982).

## PREVIOUS DISMISSAL OF CHARGES UNDER SCR 114(1)

Ching argues that, in light of this court's previous order dismissing allegations pertaining to SCR 114, the Nevada Bar may not proceed against him based on an alleged violation of SCR 114.

SCR 114 serves a dual purpose. First, it allows for identical reciprocal discipline for Nevada attorneys who have been subjected to professional disciplinary action in another jurisdiction. Second, it requires that "upon being subjected to professional disciplinary action in another jurisdiction, an attorney subject to these rules shall inform bar counsel of the action." On July 22, 1992, this court entered an order dismissing a proceeding initiated by the Nevada Bar against Ching seeking summary reciprocal discipline pursuant to SCR 114. Specifically, this court found:

> [S]ummary proceedings for the imposition of reciprocal discipline will be conducted only where there is a final adjudication in another jurisdiction finding an attorney guilty of professional misconduct and imposing some form of discipline predicated upon that finding. The documents before us establish that no disciplinary sanction predicated upon a finding of misconduct has been imposed in California against attorney Ching. Thus, there is presently no California disciplinary sanction which can be reciprocally imposed in Nevada under SCR 114.
>
> Accordingly, we dismiss this proceeding without prejudice to the right and obligation of bar counsel to commence an appropriate investigation into the underlying facts of this matter . . . .

The order addressed only the issue of finality as it applies to reciprocal discipline. We hold that an attorney has a duty to report disciplinary actions which are taken against that attorney

---

[5]SCR 86(6) gives the board of governors of the Nevada Bar the power to "formulate and enforce rules of professional conduct for all members of the state bar of this state." SCR 86(7) gives the board of governors "the power to govern the admission of members to the practice of law in this state."

in other jurisdictions. Such actions include disbarment, suspension, reprimand, and resignation with disciplinary charges pending, pursuant to a rule such as California's Rule 960.

We deny this petition for a writ of prohibition.[6]

---

[6]Further, we vacate the stay previously imposed in this matter.

THE HONORABLE CLIFF YOUNG, Justice, voluntarily recused himself from consideration of this case.