**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

## IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE DISCIPLINE OF JAMES PARSA, BAR NO. 7127.

No. 64981

**FILED**

JUL 07 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

### ORDER APPROVING CONDITIONAL GUILTY PLEA

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that we approve, pursuant to SCR 113, a conditional guilty plea in exchange for a stated form of discipline for attorney James Parsa. Under the agreement, Parsa admitted to violation of RPC 3.4 (fairness to opposing party and counsel) and RPC 8.4(b) and (d) (misconduct).

Parsa was convicted of a crime in California in 2001.[1] He resigned with discipline pending in California in October 2009. Parsa did not report his resignation to the Nevada State Bar within 30 days as required by SCR 114(1). *See Ching v. State Bar of Nev.*, 111 Nev. 779,

---

[1]Under the version of SCR 111 in effect at the time of Parsa's conviction, attorneys were not required to report their convictions of crimes to the State Bar as the rule now requires. *See In re Amendments to Procedural Rules Governing Prof'l Misconduct*, ADKT No. 392 (Order Amending Nevada Supreme Court Rules 98-123, Amending Rules 212-213 and Adopting Rule 102.5, December 29, 2006) (adding, under SCR 111(2), a duty to inform Bar Counsel of conviction of a crime).

14-21921

784-85, 895 P.2d 646, 650 (1995) (explicitly including resignation with discipline pending as an action that an attorney must report to the State Bar). After he resigned in California, Parsa requested that the Nevada State Bar place him on inactive status pursuant to SCR 98(6). When the State Bar learned of Parsa's resignation with discipline pending and his criminal conviction in California, it petitioned this court for Parsa's temporary suspension. This court temporarily suspended Parsa on November 16, 2011, and referred the matter to the Southern Nevada Disciplinary Board for the commencement of formal disciplinary proceedings. Parsa and the State Bar then entered into a conditional guilty plea agreement in exchange for a stated form of discipline. The agreement provides for a suspension of two years, retroactive to the November 16, 2011, date of Parsa's temporary suspension. The parties also agreed that Parsa is to pay the costs of the disciplinary proceedings, excluding salaries of Bar Counsel and staff.

Based on our review of the record, we conclude that Parsa committed the violations to which he pleaded guilty. Accordingly, we approve the stated form of discipline. *See* SCR 113(1). Parsa is hereby suspended for two years, retroactive to November 16, 2011, and assessed the cost of the disciplinary proceedings. Because his suspension is longer

than six months, Parsa must petition the State Bar for reinstatement to the practice of law. SCR 116. The State Bar shall comply with SCR 121.1.

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

DOUGLAS, J., with whom SAITTA, J., agrees, dissenting:

In requesting a transfer to inactive status without informing the State Bar of either his criminal conviction or his resignation from the California bar with discipline pending, Parsa demonstrated a serious lack of candor, which I believe warrants more severe discipline than that set forth in the conditional guilty plea agreement. I would reject the agreement and remand for further proceedings before the panel. Therefore, I dissent.

_____, J.
Douglas

I concur:

_____, J.
Saitta

cc:    David A. Clark, Bar Counsel
       James M. Parsa
       Jeffrey R. Albregts, Chair, Southern Nevada Disciplinary Board
       Kimberly K. Farmer, Executive Director, State Bar of Nevada
       Perry Thompson, Admissions Office, United States Supreme Court